IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEODIOUS E. SCHOFFNER, JR.,  )
No. B80947,                   )
                              )
                  Petitioner, )
                              )
vs.                           )       CIVIL NO. 14-CV-01390-DRH
                              )
WARDEN STEPHEN DUNCAN,        )
                              )
                  Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, Judge:**

      Petitioner Cleodious E. Schoffner, Jr., is currently incarcerated at Lawrenceville Correctional Center. He was convicted by a jury in 1998 and sentenced to two natural life terms of imprisonment for two first-degree murders, plus an additional 10-year term for the related armed robbery, aggravated kidnaping and aggravated battery with a firearm. *People v. Schoffner*, Case No. 97-CF-43 (Ill.1st Cir., Alexander Co. 1998). The conviction was affirmed on direct appeal. *People v. Schoffner*, Case No. 5-98-0120 (Ill.App. 5th Dist. 1999). In addition, the petition indicates that two post-conviction petitions have been exhausted in the state courts. Schoffner is now before the Court pursuant to 28 U.S.C. § 22554, seeking to overturn his conviction and sentence.

      As grounds for relief, he contends: (1) trial counsel was ineffective by failing to communicate the State's plea offer; (2) trial counsel was ineffective by prohibiting an investigator from pursuing exculpatory evidence; (3) he was denied

due process when the State knowingly used false testimony at trial due to the misconduct of agents; and (4) in deciding his most recent post-conviction petition, the appellate court misapprehended a fact directly related to guilt or innocence, thereby denying him due process. Schoffner relies upon two affidavits secured after his direct appeal. The first, one from the private investigator who was a part of his trial team; and the other from a trial witness who recants his testimony and alleges that State agents allowed the witness to avoid arrest in exchange for giving perjured testimony.

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Duncan will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2015.

David R. Herndon
2015.01.08
17:01:13 -06'00'

**United States District Judge**