IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEODIOUS E. SCHOFFNER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )     Civil No.  14-cv-1390-DRH-CJP |
| | ) |
| **WARDEN STEPHEN DUNCAN,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

In 1998, a jury in Alexander County, Illinois, convicted petitioner Cleodious E. Schoffner of two counts of first degree murder, one count of aggravated battery, one count of armed robbery, and one count of aggravated kidnapping.  He was sentenced to life imprisonment on the murder counts and ten years imprisonment on each of the other counts.

Schoffner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  (Doc. 1).  He seeks habeas relief on the following grounds:

1.     Trial counsel was ineffective in that he failed to communicate a plea offer.

2.     Trial counsel was ineffective in that he would not allow an investigator, Curt Graff, to interview a witness, Glen Schoffner.

3.     The state knowingly used false testimony by Kevin Mackins.

4.     The Appellate Court misapprehended a crucial fact in its 2014 opinion affirming the denial of his motion for leave to file a successive postconviction petition.

This matter is now before the Court on respondent's Motion to Dismiss for

Lack of Subject-Matter Jurisdiction. (Doc. 10). Respondent argues that the petition must be dismissed because it is a successive petition and Schoffner has not obtained permission for leave to file under 28 U.S.C. §2244(b)(3). Petitioner responded to the motion at Doc. 12.

1.    **Relevant Facts and Procedural History**

Petitioner's convictions arise out of the robbery of a convenience store in Tamms, Illinois, during which two people were killed and a third was seriously injured. See, *People v. Schoffner,* Rule 23 Order affirming denial of leave to file a successive postconviction petition, Doc. 1, pp. 27-40.

Petitioner filed a direct appeal and several state court postconviction proceedings. In the posture of this case, it is not necessary to delineate the claims raised in his state court proceedings. It suffices to note that petitioner's direct appeal and all postconviction proceedings were unsuccessful and that he remains in custody pursuant to the original judgment.

Petitioner filed a petition for habeas relief under 28 U.S.C. §2254 in this district in 2006. The petition was dismissed as untimely. *Schoffner v Hulick*, Case No. 06-cv-626-DRH, 2007 WL 2301310 (S.D. Ill August 9, 2007). The 2006 habeas petition attacked the same judgment as the current petition. See, Case No. 06-626-DRH, Doc. 1.

2.    **Applicable Legal Standards**

A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(b)(1)

provides that "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."   However, a second or successive petition may be filed asserting certain types of claims that have not been previously presented:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(b)(2).

Before filing a second or successive petition asserting a §2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  §2244(b)(3)(A).

The district court is without jurisdiction to entertain a second or successive petition that has been filed without the authorization of the court of appeals. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

**3.**   **Analysis**

Respondent represents that petitioner did not seek or obtain authorization

to file the current habeas petition.   Doc. 10, p. 3.   Petitioner does not claim otherwise.   Rather, he suggests that the current petition is not "second or successive."

Petitioner points out that "second or successive" is a term of art, citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), and *Slack v. McDaniel*, 120 S. Ct. 1595 (2000).  While that general observation is true, neither of those cases applies to petitioner's situation.   In *Magwood*, the petitioner had been resentenced in state court after his first §2254 petition had been denied.   In those circumstances, his new §2254 petition was not "second or successive" because it did not challenge the same judgment as the first habeas petition.   *Magwood*, 130 S. Ct. 2803.   *Slack* holds that a petition filed after the first petition was dismissed for failure to exhaust state remedies is not "second or successive."   *Slack*, 120 S. Ct. at 1606.

Petitioner argues that he was unable to bring the claims he now asserts because the factual predicate for his claims was not discovered until the private investigator and witness signed affidavits in 2009 and 2007.   He argues that these claims were therefore not "ripe" when he filed his first petition, which means that the current petition is not second or successive.   He relies upon *Panetti v. Quarterman*, 127 S.Ct. 2842 (2007), but that case is not applicable here.   *Panetti* holds that an "incompetent to be executed" claim is not ripe until a date of execution has been set, and a later habeas petition raising that claim when ripe is not second or successive.   *Panetti,* 2853-2854.

The claims presented in the current petition were not legally "unripe" at the

time Schoffner filed his first petition. Rather, according to him, the factual predicate of the claims was not discovered until after his first petition had been dismissed. This is the type of claim covered by §2244(b)(2)(B), and authorization by the court of appeals is required before this Court can consider those claims.

In effect, petitioner argues that, if he had a reason why he could not include the present claims in his first petition, the current petition is not "second or successive." However, that argument has been flatly rejected by the Seventh Circuit. *In re Page*, 179 F.3d 1024 (7th Cir. 1999).

Schoffner's first §2254 petition was dismissed because it was untimely. That was a dismissal on the merits and the first petition therefore "counts" for purposes of §2244(b), and the current petition is "second or successive." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). §2244(b) requires that Schoffner obtain authorization from the Court of Appeals before this Court can entertain his petition.

**4. <u>Certificate of Appealability</u>**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that

reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).   Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain Schoffner's petition because  it is a second or successive petition filed without the authorization of the Court of Appeals.  No reasonable jurist would find the issue debatable.  Accordingly, the Court denies a certificate of appealability.

**5.**   **Conclusion**

Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 10) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE**.   The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.12 16:39:36 -05'00'

**United States District Court**